IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) MICHAEL JOHN BEALL,<br><br>      Plaintiff,<br><br>v.<br><br>(2) M.L. BALES TRANSPORTATION, LLC, a limited liability corporation and<br>(3) MICHAEL DEWAYNE BALES,<br><br>      Defendants. | Case No.: CIV-21-00351-JFH-JFJ<br>(Formerly Craig County District Court Case No.: CJ-2021-0038) |

## ANSWER

Defendants, M.L. Bales Transportation, LLC, a limited liability corporation and Michael Dewayne Bales ("Defendants"), for their Answer to Plaintiff's Petition, allege and state as follows:

1.    Defendants admit that Plaintiff is a citizen and resident of Illinois, as alleged within numerical paragraph 1 of Plaintiff's Petition.

2.    Defendants admit that M.L. Bales Transportation, LLC is a foreign limited liability company with its principal place of business in Missouri, as alleged within numerical paragraph 2 of Plaintiff's Petition.

3.    Defendants admit that Michael Dewayne Bales is a citizen and resident of Missouri as alleged in numerical paragraph 3 of Plaintiff's Petition.

4. Defendants admit that Defendant Bales was operating a semi-truck and trailer eastbound on Interstate 44 at the time of the accident. Defendants further admit that debris fell from his trailer.

5. The allegations contained within numerical paragraph 5 of Plaintiff's Petition are presently unknown at this time. Thus, denied.

6. Defendants admit that Defendant Bales was acting within the course and scope of his employment at the time of the accident giving rise to this lawsuit. Further, he was driving a semi-tractor trailer furnished to him by Defendant M.L. Bales Transportation, LLC.

7. The allegations contained within numerical paragraph 7 of Plaintiff's Petition are denied.

8. The allegations contained within numerical paragraph 8 of Plaintiff's Petition are denied.

### AFFIRMATIVE DEFENSES

1. Plaintiff's injuries/damages, to the extent they exist, were caused, in whole or in part, by the negligence of a third-party or parties over whom Defendants had no control and for whose acts Defendants are not responsible.

2. If it is shown that Defendants, or any other person acting on behalf of Defendants, were negligent in any way, which negligence is specifically denied, the negligence of the Plaintiff exceeds any such negligence on the part of Defendants, thereby barring Plaintiff from recovery.

3. If Plaintiff has been injured or damaged, Plaintiff's injuries or damages were the result of an unavoidable accident or sudden emergency.

4. Any damages which Plaintiff did or may have suffered were the result of superseding and/or intervening causes for which Defendants cannot be held responsible.

5. Plaintiff failed to mitigate his alleged damages.

6. Plaintiff has failed to state a claim upon which relief can be granted.

7. Defendants were not negligent and were not the proximate cause of any injuries suffered by Plaintiff.

8. If Plaintiff suffered any injuries, which is specifically and expressly denied, said injuries are the result of a pre-existing condition(s) or subsequent accident(s), which were neither caused nor aggravated by Defendants, and for which Defendants cannot be held responsible.

9. Plaintiff's medical treatment was unreasonable and unnecessary.

10. Statute of Limitations.

11. Plaintiff had the last clear chance to avoid the accident.

12. Failure to join a party under 12 O.S. §2019.

13. Agency is not in dispute. Thus, any claims for negligent hiring, retention, supervision, and maintenance fail as a matter of law. *See generally, Jordan v. Cates*, 1997 OK 9, ¶15, 935 P.2d 289; and, *N.H. v. Presbyterian Church (U.S.A.)*, 1999 OK 88, ¶ 20, 998 P.2d 592.

14. Plaintiff's recovery of medical bills is limited to the amounts actually paid. 12 O.S. § 3009.1.

15. In further defense, Defendants reserve the right to list additional affirmative defenses or assert additional claims as discovery progresses and additional information becomes known to these Defendants.

WHEREFORE, having fully answered, the Defendants, M. L. Bales Transportation, LLC, and Michael Dewayne Bales, respectfully request that judgment be entered in their favor and that they be awarded all costs expended in the defense of this matter, and such other and further relief as this Court may deem just and proper.

    Respectfully submitted,

*s/ Lauren N. Watson*
Paul M. Kolker, OBA No. 18749
Brad L. Roberson, OBA No. 18819
Lauren N. Watson, OBA No. 33636
ROBERSON KOLKER COOPER & GOERES, P.C.
16408 Muirfield Place
Edmond, Oklahoma 73013
Telephone: 405-606-3333
Facsimile: 405-606-3334
Email: paul@rkcglaw.com
brad@rkcglaw.com
lauren@rkcglaw.com
**ATTORNEYS FOR DEFENDANTS**

**JURY TRIAL DEMANDED**

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 15, 2021, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

      Kelly Bishop, Esquire

      *s/ Lauren N. Watson*
      For the Firm